UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-215-DLB

GERALDINE GRIFFIN                                                                                    PLAINTIFF

V.                            MEMORANDUM OPINION AND ORDER

MIDDLEFORK INSURANCE AGENCY, et al.                                              DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon Plaintiff Geraldine Griffin's Motion to Remand (Doc. # 5). In her motion, Plaintiff contests Defendant Allstate Insurance Company's removal of this action based on diversity jurisdiction and asks the Court to remand the matter to the Owsley County Circuit Court. The Motion is fully briefed (Docs. # 6 and 7) and ripe for the Court's review. For the reasons stated herein, this Court has jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand (Doc. # 5) is **denied**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 23, 2017, Plaintiff filed this civil action against Defendants Middlefork Insurance Agency ("Middlefork") and Allstate Insurance Company ("Allstate") in Owsley County Circuit Court, asserting claims for breach of contract, fraud, and violations of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"). (Doc. # 1-1 at 15-25). On July 28, 2017, Defendant Allstate removed this case to federal court based on diversity jurisdiction. (Doc. # 1). In its Notice of Removal, Allstate acknowledged that on the face of the Complaint, complete diversity of citizenship does not exist. *Id.* at ¶ 9. However,

Allstate asks the Court to disregard the fact that Defendant Middlefork is a Kentucky citizen because the "improper or fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds." *Id.* at ¶ 10. In response, Plaintiff filed the instant Motion to Remand, arguing that this case is not removable and that Middlefork was not improperly or fraudulently joined. (Doc. # 5).

## II. ANALYSIS

### A. Standard of Review

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(1). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447(c). "[R]emoval statutes are to be narrowly construed." *Long v. Brando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Therefore, "[a]ll doubts as to the propriety of removal are resolved in favor of remand," and the "party 'seeking to bring a case into federal court carries the burden of establishing'" federal jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship—meaning that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.3d 455, 456 (6th Cir. 1989). When removal is based on diversity jurisdiction, the citizenship of the defendants as of the time of removal must be considered. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, the citizenship of an improperly or fraudulently joined defendant is disregarded and "does not defeat removal

2

on diversity grounds." *Coyne*, 183 F.3d at 493 (internal citations omitted).

### B. Improper or Fraudulent Joinder

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against" the non-diverse defendant "under state law." *Id.* at 492-93 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Put another way, a defendant is fraudulently joined only "if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Alexander*, 13 F.3d at 949).

"However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the action must be remanded to state court. *Coyne*, 183 F.3d at 493. When considering the viability of a plaintiff's claims, the Court must "resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party." *Id.* The "combination of the 'colorable' standard with the requirement that all ambiguities of state law … be resolved in favor of the non-removing party" creates a "particularly heavy burden" for the defendant. *Kent State Univ. Bd. of Trs. V. Lexington Ins. Co.*, 512 F. App'x 485, 2013 WL 216026 (6th Cir. 2013) (table). In fact, "[w]hen deciding a motion to remand, including fraudulent joinder allegations," the Court applies "a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss."[1] *Casias*, 695 F.3d at 433 (citing *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952-54 (6th Cir. 2011)).

---

[1] In doing so, however, the Court "may 'pierce the pleading'" and "look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias*, 695 F.3d at 433 (quoting *Walker*, 443 F. App'x at 953, 956).

3

The single issue presented here is whether the parties are completely diverse. Neither party disputes the Plaintiff's or Defendants' citizenship. Plaintiff is a citizen of Kentucky. (Docs. # 1 at ¶ 6; 1-1 at 16). Defendant Allstate is a citizen of Illinois. (Doc. # 1 at ¶ 7). Defendant Middlefork is a citizen of Kentucky. *Id*. at ¶ 8. Therefore, if Middlefork is a properly joined defendant in this matter, complete diversity will not exist, and remand would be required. Accordingly, the Court will consider each claim asserted against Middlefork and whether there is a colorable basis for predicting that the Plaintiff may recover on such a claim.

### *1. Breach of Contract Claim*

Plaintiff's Complaint does not state a colorable breach-of-contract claim against Middlefork. To establish a cause of action for breach of contract, the Plaintiff must establish "three things: (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract." *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009) (citing *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007)).

In this case, the parties dispute the first element—the existence of a contract. Under Kentucky law, parties may sue for breach of contract only if privity of contract exists. *Presnell Constr. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004) (citing Black's Law Dictionary for the proposition that "privity of contract is the relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so."). And an insurance policy is a contract "between an insurer and an insured." *Estate of Riddle ex rel. Riddle v. State Farm Bureau Life Ins. Co.*, 421 F.3d 400, 404 (6th Cir. 2005); *Buck Run Baptist Church, Inc. v. Cumberland Sur. Ins. Co.*,

4

983 S.W.2d 501, 504 (Ky. 1998).

The Plaintiff acknowledges that she did not enter into a contract with Middlefork, but claims that she is in "privity of contract" with Middlefork. (Doc. # 5-1 at 4-5). Plaintiff's Complaint, however, alleges only that Middlefork was the insurance broker/agent from which she purchased the Allstate homeowner's policy. (Doc. # 1-1 at 17). Despite Plaintiff's general allegations that "Defendants … owed a duty to Griffin to comply with the terms of her residential insurance contract," Middlefork was not a party to the insurance contract. (Doc. # 1-1 at 18). The Plaintiff entered into a contract with Defendant Allstate Insurance Company, not with Middlefork. The insurance contract clearly states the parties to the contract: the insured is the Plaintiff, and the insurer is Defendant Allstate Insurance Company.[2] (Doc. # 6-1).

Therefore, Middlefork owed no contractual duty to Plaintiff based on the terms of her insurance policy, and she has failed to state a colorable breach-of-contract claim against Middlefork.[3] *See Daugherty v. Am. Express Co.*, 485 F. App'x 746, 748 (6th Cir. 2012) (declining to hold an insurance solicitor liable for breach of an insurance contract

---

[2] Plaintiff's argument that Middlefork was Allstate's agent, and authorized to bind Allstate as its agent, evidences a misunderstanding of Middlefork's role. (Doc. # 5-1 at 4). "An 'insurance broker' is one who acts as a middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company, and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an 'insurance agent' is one who represents an insurer under an employment by it." *Travelers Fire Ins. Co. v. Bank of Louisville*, 243 S.W.2d 996, 998 (Ky. 1951). The general rule is that brokers are the agents of the *insured*, not of the insurer, "in the absence of statutory or some special indicia of authority." *J. Inmon Ins. Agency, Inc. v. Ky. Farm Bureau Mut. Ins. Co.*, 549 S.W.2d 516, 518 (Ky. Ct. App. 1977). The facts alleged in Plaintiff's Complaint support only a finding that Middlefork acted as a broker, and thus, was "an agent of the insured" Plaintiff, not an agent of the insurer Allstate. *Daugherty v. Am. Express Co.*, No. 3:08-cv-48-TBR, 2010 WL 4683758, *3 (W.D. Ky. Nov. 12, 2010), *aff'd sub nom, Daugherty v. Am. Express Co.*, 485 F. App'x 746 (6th Cir. 2012).
[3] This conclusion is also supported by the lack of allegations against Middlefork in Plaintiff's Complaint. Plaintiff's Complaint alleges only that "*Allstate* has breached its residential insurance contract with Griffin." (Doc. # 1-1 at 18) (emphasis added).

5

because the policy did not list the solicitor as the "insurer."); *see also Chicago Motors, LLC v., Apex Ins. Agency Int'l, Inc.*, No. 3:13-cv-356-CRS, 2014 WL 798154, *2-3 (W.D. Ky. Feb. 27, 2014) (holding same); *Mass. Mut Life v. Watson*, No. 5:12-cv-19-KKC, 2012 WL 4936504, *3 (E.D. Ky. Oct. 16, 2012) (finding no privity of contract between insured and insurance agent/broker).

### 2. Fraud Claim

Under Kentucky law, a party asserting a cause of action for fraud must establish six elements by clear and convincing evidence: (1) material representation, (2) which is false, (3) known to be false or made recklessly, (4) made with inducement to be acted upon, (5) acted in reliance thereon, and (6) causing injury. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. Ct. App. 1978)). "Fraud may be committed either [by] intentionally asserting false information or by willfully failing to disclose the truth." *Id.* at 469.

Moreover, the Federal Rules of Civil Procedure require a plaintiff alleging fraud to "state with particularity" the "circumstances constituting fraud."[4] Fed. R. Civ. P. 9(b). That pleading standard has been interpreted to require a plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent."

---

[4] Although "state law governs the burden of proving fraud at trial in a diversity action in federal court, the procedure for pleading fraud in all diversity suits in federal court is governed by the special pleading requirements of" Federal Rule of Civil Procedure 9(b). *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001). However, the Court notes that the Kentucky Rules of Civil Procedure, which applied before this case was removed to federal court, also impose a heightened pleading requirement for fraud claims, which has been interpreted to require the same sort of particularity. *See* Ky. R. Civ. P. 9.02; *see also Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.2d 723, 726 (Ky. Ct. App. 2008) (An "allegation of fraud in a pleading must set forth the time, place, and substance of the allegedly fraudulent statements.").

*Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). A review of Plaintiff's Complaint shows that the allegations fall woefully short of the particularized pleading standard.

First and foremost, the Complaint fails to specify a material false misrepresentation. *Republic Bank & Tr. Co.*, 683 F.3d at 247. The closest allegation of a material representation is Plaintiff's claim that: "At all times relevant herein, Defendants held itself [sic] out as a provider of insurance coverage in the Commonwealth of Kentucky." (Doc. # 1-1 at 19). However, the Plaintiff fails to allege that such a representation was false, let alone "explain what made the statements fraudulent." *Republic Bank & Tr. Co.*, 683 F.3d at 247. Instead, the Complaint alleges only that the Plaintiff "relied on Defendants to provide her with a residential insurance policy," which affords loss protection in the event of an occurrence; that the Plaintiff "negotiated for the residential insurance coverage policy and paid for the negotiated terms of the policy;" and that the Plaintiff "assumed that the Defendants would comply with the residential insurance contract and would not attempt to defraud her." (Doc. # 1-1 at 19-20).

Furthermore, Plaintiff's Complaint also fails to "identify the speaker," beyond a general reference to "Defendants" or "plead when and where the statements were made." *Republic Bank & Tr. Co.*, 683 F.3d at 247. Accordingly, the Plaintiff has failed to assert a colorable fraud claim against Middlefork.

### 3. UCSPA Claim

Bad-faith claims can be premised on common law or on "either or both of two Kentucky statutes: the Kentucky Consumer Protection Act … and the UCSPA." *Indiana Ins. Co. v. Demetre*, No. 2015-SC-107-DG, 2017 WL 3635500, *10 (Ky. Aug. 24, 2017)

7

(internal citations omitted). Plaintiff's Complaint asserts a cause of action under the UCSPA against Allstate alone. (Doc. # 1-1 at 20-22). However, in her Motion to Remand, the Plaintiff claims that she has a colorable UCSPA claim against Middlefork. (Doc. # 5-1 at 9-7). Thus, out of an abundance of caution, the Court will liberally read Plaintiff's Complaint to assert a UCSPA claim against Middlefork as well.

To state a claim of bad faith under the UCSPA, the plaintiff must establish three required elements:" (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).

"The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 96 (Ky. 2000). Thus, "the UCSPA and the tort of 'bad faith' apply only to those persons or entities (and their agents) who are 'engaged … in the business of entering into contracts of insurance.'" *Id.* at 102.

Accordingly, the question becomes whether the UCSPA contemplates a suit against an insurance agent/broker, like Middlefork. At least in this case, the answer is no.[5] "Absent a contractual obligation, there simply is no bad faith cause of action, either

---

[5] The Court acknowledges that Kentucky law is unclear as to which "persons" can be liable under the UCSPA and that federal district courts have often "resolved" those legal ambiguities "in favor of remand for the non-removing party averring bad faith claims against an insurance agency and its adjuster." *Brown v. Indem. Ins. Co. of N. Am.*, No. 5:17-cv-193-JMH, 2017 WL 3015171, *2 (E.D. Ky. July 14, 2017) (citing *N. Am. Specialty Ins. Co. v. Pucek*, No. 5:09-cv-49-JMH, 2009 WL 4711261 (E.D. Ky. Nov. 4, 2009); *Collins v. Montpelier U.S. Ins. Co.*, No. 7:11-cv-166-ART,

at common law or by statute." *Davidson*, 25 S.W.3d at 100; *Ky. Nat'l Ins. Co. v. Shaffer*, 155 S.W.3d 738, 742 (Ky. Ct. App. 2004). "In the case at bar, [Middlefork] was under no contractual obligation to pay the [Plaintiff's] claims; thus, there exists no statutory or common law basis for a bad faith claim against" Middlefork. *Id*.

Therefore, Plaintiff has failed to state a colorable claim against Middlefork for breach of contract, fraud, or violations of the UCSPA. Defendant Allstate has borne its heavy "burden of demonstrating fraudulent joinder." *Alexander*, 13 F.3d at 949. Middlefork has been fraudulently or improperly joined in this action, and its citizenship must be disregarded. As a result, complete diversity exists among the proper parties and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff Geraldine Griffin's Motion to Remand (Doc. # 5) is **DENIED**; and

(2) Pursuant to Federal Rules of Civil Procedure 16 and 26, an Order for Meeting and Report will be entered and filed contemporaneously herewith.

This 4th day of October, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

---

2011 WL 6150583 (E.D. Ky. Dec. 12, 2011); *Mattingly v. Chartis Claims, Inc.*, No. 2:11-cv-48-WOB, 2011 WL 4402428 (E.D. Ky. Sept. 20, 2011)). However, this case does not present any ambiguities requiring remand. *See Delamar v. Morgan*, 966 F. Supp. 2d 755, 759 (W.D. Ky. Aug. 20, 2013) (holding same).