UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-215-DLB-HAI

GERALDINE GRIFFIN                                                   PLAINTIFF

V.               **MEMORANDUM OPINION AND ORDER**

MIDDLEFORK INSURANCE AGENCY, et al.                   DEFENDANTS

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon Defendant Middlefork Insurance Agency's Motion to Dismiss (Doc. # 10). Plaintiff Geraldine Griffin having failed to respond to the Motion, and the time to do so having expired, the Motion to Dismiss is ripe for review.[1]

On October 4, 2017, this Court entered a Memorandum Opinion and Order in this case, finding that Plaintiff had failed to state a colorable claim against Defendant Midlefork Insurance Agency for breach of contract, fraud, or violations of the Kentucky Unfair Claims Settlement Practices Act. (Doc. # 8). Therefore, the Court determined that Middlefork Insurance Agency had been fraudulently or improperly joined in the action and denied Plaintiff's Motion to Remand. *Id.* at 9.

The Court having reviewed the instant Motion to Dismiss, and being otherwise sufficiently advised, the Court concludes that the same reasons require dismissal of

---

[1] Joint Local Rule 7.1(c) provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). However, the Court's inquiry must not stop there. The Sixth Circuit has held that prior to dismissing an action, the Court must still "consider the merits of the underlying motion." *Stough v. Mayville Cnty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)). Accordingly, the Court will consider the merits of Middlefork's Motion to Dismiss.

1

Plaintiff's claims against Middlefork.[2]

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Middlefork Insurance Agency's Motion to Dismiss (Doc. # 10) is **GRANTED**;

(2) Plaintiff Geraldine Griffin's Complaint (Doc. # 1-1 at 15-25) is **DISMISSED** with respect to her claims against Defendant Middlefork Insurance Agency; and

(3) Defendant Middlefork Insurance Agency is **DISMISSED** as a party to his action, as the Court has dismissed and adjudicated all claims against it.

This 13th day of November, 2017.



K:\DATA\ORDERS\London\2017\17-215 MOO re Middlefork MTD.docx

---

[2] As explained in the October 4, 2017 Memorandum Opinion and Order, the Court "resolved all disputed questions of fact and ambiguities in the controlling state law in favor" of Plaintiff—the non-removing party—when considering the Motion to Remand and the viability of Plaintiff's claims against Middlefork. (Doc. # 8 at 3). The "combination of the 'colorable' standard with the requirement that all ambiguities of state law … be resolved in favor of the non-removing party" created a "'particularly heavy burden" for the defendant." *Id.* (quoting *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 2013 WL 216026 (6th Cir. 2013) (table)). The Court further explained that it was applying "a test similar to, but more lenient than, the analysis applicable to a Rule 21(b)(6) motion to dismiss." *Id.* (quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012)). Therefore, Plaintiff's claims against Middlefork, which failed to pass scrutiny at the lenient motion-to-remand stage, undoubtedly fail to survive the more stringent Rule 12(b)(6) standard applicable to the instant Motion to Dismiss.